# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONDA MARIE HALLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-18-792-STE |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

I.     **PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 15-27). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 18, 2016, her alleged onset date. (TR. 17). At step two, the ALJ determined that Ms. Halley had the following severe impairments: degenerative disc disease; scoliosis; depressive mood disorder; and post-traumatic stress disorder. (TR. 17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21).

At step four, the ALJ concluded that Ms. Halley retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except able to understand, remember, and carry out simple instructions but not detailed instructions; only occasional interaction with the public.

(TR. 23). At the administrative hearing, a vocational expert (VE) testified regarding Plaintiff's past relevant work. (TR. 43-46). In doing so, the VE testified that an individual with Ms. Halley's RFC was capable of performing her past work as a housekeeper, as that job is generally performed in the national economy and the jobs of kitchen helper and industrial sweeper, as Ms. Halley had performed those jobs. (TR. 44-45). Thus, at step

four, the ALJ concluded that Ms. Halley was not disabled based on her ability to perform these past jobs. (TR. 26).

### III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

### IV. ISSUE PRESENTED

On appeal, Ms. Halley alleges the ALJ erred in evaluating a medical opinion from a treating psychiatrist.

### V. ERROR IN THE CONSIDERATION OF DR. HORN'S OPINION

As alleged by Ms. Halley, the ALJ erred in evaluating an opinion from treating psychiatrist, Dr. Patrick Horn.

3

## A.   ALJ's Duty to Assess a Treating Source's Opinion

An ALJ must follow a particular analysis in evaluating a treating source's opinion. First, the ALJ has to determine, then explain, whether the opinion is entitled to controlling weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). An opinion is entitled to controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Allman v. Colvin*, 813 F.3d 1326, 1331 (10th Cir. 2016) (citation and internal quotation marks omitted). "But if the ALJ decides that the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* (internal quotation marks omitted).

In doing so, the ALJ must assess the opinion under a series of factors which include: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Id.* at 1331-1332 (internal quotation marks omitted); *Krausner v. Astrue,* 638 F.3d 1324, 1330 (10th Cir. 2011); 20 C.F.R §§ 404.1527 & 416.927.

Ultimately, an ALJ "must give good reasons for the weight assigned to a treating physician's opinion," and "[t]he reasons must be sufficiently specific to make clear to any

4

subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reason for that weight." *Allman*, 813 F.3d at 1332. If the ALJ rejects an opinion completely, he must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

### B. Dr. Horn's Opinion

The record contains evidence of Plaintiff's mental health treatment at Hope Community Services (HCS) from July 14, 2016 through April 12, 2017. (TR. 337-423). During her treatment at HCS, Plaintiff saw many providers, including Dr. Horn. (TR. 337-339, 377-385). On November 1, 2016, Dr. Horn completed a "Medical Source Opinion of Residual Functional Capacity" form. (TR. 363). There, Dr. Horn opined that Plaintiff:

- Could remember and understand simple instructions;

- Could maintain attention and concentration in order to perform simple tasks;

- Could interact appropriately with the general public;

- Could work with others, including supervisors and co-workers;

- Could not remember and understand detailed or complex instructions;

- Could not maintain attention and concentration in order to perform detailed or complex tasks;

- Could not handle normal work stress; and

- Could not consistently adhere to a schedule and maintain regular attendance.

(TR. 363).

### C. Error in the Evaluation of Dr. Horn's Opinion

The ALJ accurately summarized the findings in Dr. Horn's opinion[1] and stated:

> Some weight is given to [Dr. Horn's] opinion at Exhibit 7F; but it is not totally supported by other evidence in the record, and Dr. Horn did not have a long-term relationship in treatment of claimant.

(TR. 26). In comparing this explanation with the RFC, it is apparent that the ALJ rejected Dr. Horn's opinions regarding Ms. Halley's inabilities to handle normal work stress and consistently adhere to a schedule and maintain regular attendance. *Compare* TR. 23, 26 *with* 363. In doing so, the ALJ provided two rationales: (1) Dr. Horn's opinion was not supported by evidence in the record and (2) Dr. Horn did not have a long-term treating relationship with Ms. Halley. (TR. 26). Plaintiff contends that these reasons were not "specific and legitimate." (ECF No. 19:10-12). The Court finds: (1) the ALJ's first rationale is legally deficient and (2) the second rationale does not provide a sufficient basis to reject Dr. Horn's opinion.

First, the ALJ stated that Dr. Horn's opinion "is not totally supported by the other evidence in the record." (TR. 26). But the ALJ did not thereafter explain this finding or state what "other evidence in the record" did not support Dr. Horn's opinion. This type of conclusory rejection has been held improper under Tenth Circuit law. *See Allman v. Colvin*, 813 F.3d at 1332 ("[t]he reasons must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reason for that weight."); *Hamlin v. Barnhart*, 365 F.3d 1208, 1217 (10th Cir. 2004) (noting that the ALJ's rejection of a doctor's opinion as "inconsistent with the overall

---

[1] (TR. 20).

case record," was insufficient because the ALJ did not "specifically highlight those portions of the record with which [the physician's] opinion was allegedly inconsistent").

With the ALJ's first rationale eliminated, what remains is the ALJ's rejection of Dr. Horn's opinion because the psychiatrist lacked a long-term treating relationship with Ms. Halley. (TR. 26). But this rationale, alone, is an insufficient basis on which to reject Dr. Horn's opinion. *See Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (noting that although a lack of treating relationship "may be a valid reason not to accord [a treating physician's] findings the conclusive weight of a treating medical-source opinion, … it is not *by itself* a basis for rejecting [it].") (emphasis added).

### D. Plaintiff's Other Allegations

Within her argument regarding the ALJ's treatment of Dr. Horn's opinion, Ms. Halley also alleges that the ALJ:

- failed to cite a lack of treatment relationship when evaluating opinions from State Agency physicians;

- failed to rely on Dr. Horn's status as a mental health specialist, which would support his opinions;

- ignored a portion of Plaintiff's subjective allegations; and

- erred in relying on the job of "kitchen helper" at step four.

(TR. 19:7, n.5, 10-11). Plaintiff's first two arguments are essentially asking the Court to re-weigh the evidence, which it cannot do. See *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). (noting that while the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute

[its] judgment for that of the agency."). And the Court need not address the latter two arguments, as they may be affected following the remand for consideration of Dr. Horn's opinion. *See* Tracey v. Astrue, 518 F. Supp. 2d 1291, 1295 (D. Kan. 2007) (declining consideration of the plaintiff's challenges involving the ALJ's credibility analysis in light of the court's remand for reexamination of medical evidence); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

**ORDER**

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on May 23, 2019.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE